Honorable Ron Fields Prosecuting Attorney Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Fields:
This is in response to your request for an opinion regarding Act 15 of 1986 and the use and funding of Masters in Chancery. You have asked the following specific questions in this regard:
 1. When and in what types of cases may Masters in Chancery be appointed?
 2. May the same Master hear bastardy, nonsupport and uncontested divorce cases?
 3. Under what circumstances is funding of Masters by the Quorum Court mandatory and when is it discretionary with the Quorum Court?
You have also asked what effect, if any, Ark. Stat. Ann. 17-3802(a) (Repl. 1980) has on the questions posed.
It appears in response to your first question that a Master may be appointed to hear any proceeding pending in Chancery Court. Ark. Stat. Ann. 22-449 (Cum. Supp. 1985) provides in pertinent part:
 Whenever the Chancery Court of any county in this state finds it necessary or appropriate to appoint a master or commissioner in any proceeding, then pending therein, the judge of said court then presiding may appoint and constitute any person as master or commissioner in Chancery.
The language of the statute suggests that the appointment of a master may be made at any time upon the Chancery Court's finding that such appointment is appropriate or necessary in the administration of the Court's functions. It should be noted that 22-446 refers specifically to masters appointed in pending Chancery proceedings and are distinguishable from standing masters. See Ark. Stat. Ann. 22-442 — 22-448 (Repl. 1962 and Cum. Supp. 1985). A master may also be appointed under Ark. Stat. Ann. 34-1237 (Interim Supp. 1986) to hear child support cases initiated under Title IV-D of the Social Security Act.
In response to your second question, it may be concluded that Masters in Chancery may be appointed to hear uncontested divorce and nonsupport proceedings. These masters fall within the jurisdiction of the Chancery Court. See Ark. Stat. Ann. 34-1201 et seq. (Repl. 1962 and Cum. Supp. 1985). It therefore follows that these matters may be heard by a master appointed pursuant to 22-449. With regard to bastardy proceedings, it does not appear that a Master in Chancery has any authority or jurisdiction in such proceedings. Bastardy proceedings are within the original, exclusive jurisdiction of the county courts. See Ark. Stat. Ann. 17-3903(c) (Repl. 1980) and 34-701 (Repl. 1962); Ark. Const. Art.7, 28.
Your third question involves the funding of Masters by the Quorum Court. It appears that funding of these persons by the Quorum Court arises when the masters are appointed to hear Title IV-D cases under the Social Security Act. Sections 34-702.1(b) and 34-1237(b) (Interim Supp. 1986) provide for the appointment of masters to expedite hearings brought pursuant to Title IV-3 of the Social Security Act, pertaining to the Federal Child Support Enforcement Amendments of 1984. See P.L. 98-347 and 42 U.S.C. § 651
et seq. 34-702.1(d) and 34-1237(d) provide that "compensation to be allowed a master appointed under this section shall be at a rate to be paid by appropriation of the Quorum Court of the county in which the master serves." Funding of the master by the Quorum Court appears to be mandatory in those instances where the appointment of such master would ensure the prompt disposition of Title IV-D proceedings.
Ark. Stat. Ann. 71-3802(a) (Repl. 1980) permits the Quorum Court, through ordinance, to provide for the administration of justice through the several courts of record of the county." This statutory provision reflects the general legislative power granted to the counties pursuant to Amendment 55 to the Arkansas Constitution. Amendment 55 and its enabling legislation found at Ark. Stat. Ann. 17-3801 et seq. (Repl. 1980 and Cum. Supp. 1985) permit the counties, acting through the Quorum Courts, to engage in a broad range of activities to the extent they are not explicitly prohibited or denied by or inconsistent with state law. The answer to your question turns not so much on whether or not the Quorum Courts can provide for the administration of justice through the courts, but more importantly by what authority the Quorum Court is authorized to provide funding for masters. As stated in response to your third question, the Quorum Court is authorized to appropriate funds for masters hearing support cases pursuant to Title IV-D of the Social Security Act. See 34-702.1 and 34-1237. The compensation of Masters in Chancery is also addressed under 22-449 which provides:
 Any master or commissioner appointed shall receive for such services such compensation as may be fixed by the court, unless the amount of compensation shall be now or hereafter fixed by law.
The provision "fixed by law" as stated in 22-449 may be reasonably construed to refer to legislation enacted by the General Assembly.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.